SPACCAROTELLA & FONTANA CEMENT CONTRACTORS, INC v
CITY OF DETROIT

Docket No. 115995. Submitted April 12, 1990, at Detroit. Decided
June 4, 1990.

Spaccarotella & Fontana Cement Contractors, Inc., entered into a
contract with the City of Detroit to construct curbs, sidewalks
and other structures. The project was completed on November
29, 1984. On March 25, 1985, the city paid the final progress
payment under the contract, but withheld $4,999.99 because
one of Spaccarotella's employees had filed a federal unfair labor
practice claim. That claim was dismissed on October 6, 1987,
and Spaccarotella sought return of the retainage plus interest
on the retainage. When the city refused to pay interest on the
retained amount, Spaccarotella commenced an action to re-
cover the retainage and interest in Wayne Circuit Court. Plain-
tiff moved for declaratory judgment, arguing that, by statute, it
was entitled to interest on the retainage. Defendant argued
that, since the funds came from a federal grant, it was under
no statutory obligation to place the retainage in an interest-
bearing account and thus was not obligated to pay interest on
the retainage. The trial court, Henry J. Szymanski, J., denied
plaintiff's motion. Plaintiff appealed by leave granted.

The Court of Appeals *held:*

1. It was error for the trial judge to deny the motion on the
basis that plaintiff had not established the rate of interest that
should be applied if interest was payable. The issue before the
court was whether interest was payable under these circum-
stances, not the amount of interest if interest was payable.

2. By statute a public agency may retain from a progress
payment on a construction contract a portion of such payment
to insure performance of the contract. The retained funds are
to be placed in interest-bearing accounts except if the money is
coming from a federal or state grant and has not yet been
received by the public agency. It is undisputed that, at the time
defendant retained the payment, defendant had already re-

REFERENCES
Am Jur 2d, Public Works and Contracts §§ 3, 4, 101, 143.
See the Index to Annotations under Public Works and Contracts.

ceived the money from the federal grant. Accordingly, defendant was obligated to place the retained funds in an interest-bearing account and to turn over to plaintiff the retained funds and interest on the retained funds.

Reversed and remanded.

CONTRACTS — PUBLIC AGENCIES — RETAINED FUNDS — INTEREST.

A public agency may retain a portion of each progress payment to a contractor on a construction contract to insure performance of the contract; such retained funds shall be deposited in an interest-bearing account except where the retained funds are to be provided under a state or federal grant and have not yet been paid to the public agency; the retainage and interest earned on retainage shall be released to the contractor with the final progress payment (MCL 125.1563; MSA 5.2949[103]).

*D'Agostini, Sable & Ruggeri* (by *John F. Harrington*), for plaintiff.

*Barbara A. Wynder,* Assistant Corporation Counsel, for defendant.

Before: SAWYER, P.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

SAWYER, P.J. Plaintiff appeals by leave granted from an order of the circuit court denying its motion for declaratory judgment concerning its rights against defendant. We reverse.

In 1984, plaintiff contracted with the City of Detroit to construct curbs, sidewalks and other structures within the city. The amount of the contract was slightly over $100,000. Plaintiff began construction on July 30, 1984, and completed the project on November 29, 1984. On March 25, 1985, the city paid plaintiff its final progress payment, but withheld $4,999.99 as "retainage" because one of plaintiff's employees had filed an unfair labor practice charge with the federal Department of

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Labor. On October 6, 1987, the Department of Labor ended its investigation, concluding that the charge was unfounded.

Plaintiff sought the return of the retainage, with interest, under the provisions of MCL 125.1563; MSA 5.2949(103). Defendant denied any obligation to pay interest and offered to pay over to plaintiff only the principal amount.

Plaintiff commenced this instant action on March 9, 1988. It brought a motion for declaratory judgment to determine that plaintiff was, in fact, entitled to interest under the statute. The trial court denied the motion, apparently because plaintiff had not also established the rate of interest which should be paid.

The trial court erred in denying plaintiff's motion on the basis of a failure by plaintiff to establish the rate of interest to be paid since that question was not presented for the trial court's determination. Plaintiff is apparently of the opinion that, if it is determined that defendant is obligated to pay plaintiff interest, the parties will be able to negotiate among themselves the appropriate rate of interest to be used. Accordingly, the trial court should have ignored the issue of the proper determination of the rate of interest to be employed and, instead, have focused on the issue before it, namely, whether defendant was obligated to pay plaintiff interest at all. With respect to this question, we conclude that defendant is so obligated.

MCL 125.1563; MSA 5.2949(103) provides in pertinent part as follows:

(1) To assure proper performance of a construction contract by the contractor, a public agency may retain a portion of each progress payment otherwise due as provided in this section.

* * *

(3) *The retained funds* shall not exceed the pro rata share of the public agency's matching requirement under the construction contract and shall not be commingled with other funds of the public agency and *shall be deposited in an interest bearing account* in a regulated financial institution in this state wherein all such retained funds are kept by the public agency which shall account for both retainage and interest on each construction contract separately. *A public agency is not required to deposit retained funds in an interest bearing account if the retained funds are to be provided under a state or federal grant and the retained funds have not been paid to the public agency.*

(4) Except as provided in section 4(7) and (8), *retainage and interest earned on retainage shall be released to a contractor* together with the final progress payment. [Emphasis added.]

Defendant relies upon the final sentence to subsection (3) for its claim that it does not owe plaintiff interest on the retainage. Specifically, defendant argues that the funding source of the contract was a federal agency, namely, the Department of Housing and Urban Development, and that it is not obligated under the statute to pay interest on retained funds until the funds are paid by the agency to defendant. To this extent, defendant's argument is true. That is, had defendant not yet received the funds from HUD, then it would not have been obligated under the statute to deposit funds in an interest-bearing account and, therefore, would not be obligated to plaintiff for interest on the retained funds.

Defendant's argument fails, however, since it had, in fact, received the funds from HUD. This fact is reflected both by a March 15, 1985, letter from one Emmett S. Moten, Detroit's Director of Community and Economic Development Department,

to HUD which indicates that the city had "retained five thousand dollars ($5,000.00) from the contractor's final payment," as well as an admission in defendant's brief on appeal that "Defendant-Appellee received the funds from HUD but before they were due Plaintiff-Appellant." For that matter, defendant's statement of facts in its brief on appeal reflects an admission that "the City escrowed the $4,999.99 as it was compelled to do by letter from HUD." Indeed, defendant's statement of facts even admits that it had retained the $4,999.99 of the original contract amount.

Defendant, having admitted that it retained the funds and that the funds had been paid over to it by HUD, nevertheless employs a sophistic argument to the effect that it is not obligated to pay interest because it possesses no retained funds. Defendant argues that, since it withheld funds from plaintiff at the request of the federal government, these funds were no longer considered funds retained by defendant and, therefore, defendant was not obligated to put these funds into an interest-bearing account. We disagree.

No argument by defendant can avoid two essential facts: (1) defendant had received payment of the funds from the federal agency; and (2) defendant had retained those funds from plaintiff for a period of over four years.[1] These facts lead to but one conclusion, that defendant was obligated under the statute to pay over to plaintiff the retainage plus accumulated interest.[2]

[1] We note that the circuit court entered an order for partial summary disposition on March 24, 1989, directing defendant to pay the retained principal amount to plaintiff. We assume that it has complied with that order.

[2] Indeed, for that matter, even if we were to accept defendant's argument, defendant does not answer the question why it would not be obligated to pay interest on the retainage after October 6, 1987, when the federal Department of Labor ended its investigation and

For the above reasons, we conclude that, since defendant was in actual possession of the funds, it was obligated to place those funds in an interest-bearing account and to turn over those funds, including interest, to plaintiff when the retainage was ultimately paid. The trial court should have entered a declaratory judgment accordingly.

Our determination, of course, does not decide the issue of the appropriate amount of interest to be paid, but we are not called upon to resolve that question. Rather, that is for the parties to settle upon or the trial court to determine in further proceedings.

Reversed and remanded to the trial court with directions to enter declaratory judgment in favor of plaintiff determining that defendant was obligated to pay plaintiff interest and for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.

---

concluded that the unfair labor practice charge was unfounded. Even under defendant's theory, it would have been obligated on that date to place the retainage in an interest-bearing account and pay any accumulated interest from that date until the retainage was turned over to plaintiff.